219 So.2d 430 (1969)
The BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, Florida, Petitioner,
v.
STATE of Florida ex rel. Robert E. ALLEN, Sr., Mary Crosby, Carrie Hernandez, Georgianna H. Lowen, John W. Powell, Woodbury V. Weimern and Lee E. Williams, Respondents.
No. 37958.
Supreme Court of Florida.
February 12, 1969.
Rehearing Denied March 17, 1969.
*431 Mendez, Shaw, Marko & Stephany, Fort Lauderdale, for petitioner.
J. Leonard Fleet, Fuer, Fleet & Abram, Hollywood, and Edgar G. Hamilton (of Hamilton & James), West Palm Beach, for respondents.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Fourth District, that its decision reported in 214 So.2d 7 is one which involves a question of great public interest. See Section 4(2), Article V, Florida Constitution, F.S.A.
The petitioner will be referred to as "the Board" and the respondents will be referred to as "the Teachers."
The Teachers absented themselves for a number of days in February, 1968. The Board notified the Teachers of their suspension and advised them as to their right of a public hearing. At the request of the Teachers a hearing was held in accordance with Fla.Stats., Sec. 231.36, F.S.A. to determine whether the charges would be sustained and, if sustained, whether the Board would suspend them, fix the terms under which the Teachers may be reinstated, or dismiss them.
At the hearing the Teachers filed motions to disqualify three members of the Board. These motions were accompanied by supporting affidavits, in accordance with the requirements of Fla.Stats., Secs. 120.09 and 38.10, F.S.A.
The Board denied the motions to disqualify and the Teachers sought a writ of prohibition in the District Court of Appeal, contending that Fla.Stats., Sec. 38.10, F.S.A. was applicable to the Board under the provisions of Fla.Stats., Sec. 120.09, F.S.A. The rule nisi in prohibition was made absolute and this proceeding for certiorari in review resulted.
In conducting the hearing under Fla.Stats., Sec. 231.36(3), F.S.A. to determine the question of suspension or dismissal, the Board acted in a quasi-judicial capacity. Natural justice requires not only that the accused be heard, but that they be given a fair hearing by an impartial tribunal. This Court in considering a proceeding wherein a Board acted in a quasi-judicial capacity said:
"And in such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and *432 cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion of prejudice, unfairness, fraud, or oppression." State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 710, 95 A.L.R. 1416 (1934). See also 1 F.L.P., Administrative Law, Section 13; Administrative Law by Reginald Parker, p. 52.
Having determined that the Teachers were entitled to a hearing free from prejudice, the question arises as to the manner in which the disqualification of a member of the Board can be raised. In the absence of a statute, the facts relied upon to show bias would have to be placed in the record and a motion for disqualification made either before or during the hearing. The Board would then pass upon its own qualifications and determine the matter as a part of the record. This procedure is discussed in Administrative Law by Morris B. Forkosch, Sec. 215, p. 325, and Administrative Law by Kenneth Culp Davis, Vol. 2, Sec. 12.05.
Fla.Stats., Sec. 120.09, F.S.A. was first enacted in 1951 for the purpose, as stated in its title, of "prescribing grounds for disqualification of members of any commission, authority, administrative body or governmental agency existing under the Laws of Florida * * *." (Emphasis supplied) In construing the provisions of a statute which has been included in the Florida revision system, it is proper to consider the title of the original act. 50 Am.Jur.Stats., Sec. 449.
Prior to 1951 there was no statutory procedure in Florida for raising and determining the question of bias or prejudice in a quasi-judicial administrative hearing. This resulted in the Board or Agency passing upon its own qualifications during the course of a quasi-judicial hearing. The purpose of Fla.Stats., Sec. 120.09, F.S.A. was to provide minimum standards for Board members, thereby assuring a hearing "free from any just suspicion of prejudice, unfairness, fraud, or oppression." State ex rel. Williams v. Whitman, supra.
The Florida Administrative Procedure Act became effective in 1961, some parts of which are similar to the Model State Administrative Procedure Act. See Uniform Laws Annotated, Vol. 9C, p. 174 et seq. The Model State Administrative Procedure Act does not include a procedure for disqualification of a Board member.
The Florida Administrative Procedure Act, Ch. 61-280 specifically repealed Secs. 120.10 through 120.17 relating to rules and regulations of state agencies, but retained Fla.Stats., Sec. 120.09, F.S.A. This was a clear intent to maintain the existing method of procedure in determining the qualifications of the members of a board or agency acting in a quasi-judicial capacity.
A county school board is a part of the state system of public education, Secs. 228.041(2) and 230.03(1), Fla.Stats., F.S.A. and has been held to be a state agency for the purpose of immunity from suit. Bragg v. Board of Public Instruction of Duval County, 160 Fla. 590, 36 So.2d 222 (1948). It is also a state agency within the purview of Fla.Stats., Sec. 120.09., F.S.A.
The District Court of Appeal was correct in holding that Fla.Stats., Sec. 120.09, F.S.A. was applicable to the County Board of Public Instruction.
The writ of certiorari is accordingly discharged.
ERVIN, C.J., and THORNAL, BOYD and CALDWELL (Retired), JJ., concur.