347 So.2d 1069 (1977)
Judith WITGENSTEIN and Susan Still, Petitioners,
v.
The SCHOOL BOARD OF LEON COUNTY, Florida, a Body Corporate, Respondent.
No. CC-17.
District Court of Appeal of Florida, First District.
June 30, 1977.
Rehearing Denied August 4, 1977.
*1070 Richard H. Frank, Frank & Meyer, Tampa, for petitioners.
C. Graham Carothers, Michael P. Dodson, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for respondent.
ERVIN, Judge.
This is a petition for writ of certiorari to review an order of the School Board of Leon County declining to accord administrative hearings to petitioners which we treat as a petition for review. Petitioners were employed by the Board pursuant to annual contracts[1] of employment for the school years of 1972-1973, 1973-1974 and 1974-1975. Witgenstein was notified by letter dated March 21, 1975, from her principal that her contract would not be renewed for an additional year; Still by letter dated March 23, 1975. Petitioners were informed that the decision not to recommend them for further employment was based upon their principals' intention to "obtain the services of another person whose qualifications would better meet the needs of the District."
Witgenstein then filed a grievance which alleged that both her evaluation and the manner in which it was effectuated were not carried out in compliance with evaluation procedure. Witgenstein's grievance was processed through each level of the grievance procedure and was finally denied by the Board on June 24, 1975. Witgenstein had complained that she was not properly evaluated or apprised of purported deficiencies in her teaching performance and therefore she should be accorded another year of employment during which time she would be properly evaluated. Unlike Witgenstein, Still chose not to file a grievance but instead sought assistance from her bargaining representative, the Leon County Classroom Teacher's Association, which appeared with her before the School Board and objected to the manner in which Still was evaluated and requested that she be accorded another year of employment. Still was also denied relief.
Each petitioner then brought action in the Leon County Circuit Court against their respective principals, the superintendent and the Board. Each action was based upon negligence and breach of contract, seeking damages and a judgment reinstating them to another year of employment during which time they would be properly evaluated. The Board moved to dismiss the complaints on the ground that the plaintiffs sought review of final agency action for which review lies in the First District Court of Appeal, or if petitioners had not received full agency action, they had failed to exhaust their administrative remedies. The court granted the motion to dismiss Witgenstein's complaint upon the failure to exhaust her administrative remedies, or alternatively, if she pursued a grievance procedure, review would properly lie in the appeals court. Still's action was also dismissed by the circuit court for failure to exhaust her administrative remedies.
*1071 Each petitioner then filed a petition with the Board requesting that she be re-employed for an additional school year due to the supervisory staff's failure to evaluate them properly in accordance with existing evaluation policy. The Board's denial of relief was based upon three separate grounds: (1) That it lacked the jurisdiction to grant the relief requested since it was the prerogative of the superintendent  not the Board  to nominate members of the instructional staff and that it could hire teachers upon its own initiative only (a) if it rejected for good cause three nominations made by the superintendent for a particular position, or (b) if the superintendent failed to make his nomination within six weeks before the close of the post-school conference. (2) That having taken judicial notice of its rules, the Board found it had not adopted any rule pertaining to an evaluation policy of instructional staff; therefore the policy never having been adopted, it "never became a part of Petitioners' contracts." (3) That since petitioners had already grieved their complaints before the Board, they received final agency action. Petitioners then appealed the Board's order, seeking an evidentiary hearing on the allegations contained in their petitions.
We hold, for the reasons stated infra, that if there exist disputed issues of material facts as to whether the assessment procedure set forth under Section 231.29, Florida Statutes (1975) was not followed, petitioners are then entitled to an evidentiary hearing as provided by Section 120.57(1), Florida Statutes (Supp. 1976).[2] If petitioners, under the circumstances outlined, are entitled to an evidentiary hearing on the merits of their petitions pursuant to Section 120.57(1), then we must necessarily hold that the District School Board is an agency which is subject to the operation of the Administrative Procedure Act.
Section 120.52(1)(c) states in part:
"(1) `Agency' means:
* * * * * *
(c) Each other unit of government in the state, including counties and municipalities to the extent they are expressly made subject to this act by general or special law or existing judicial decisions."
Since a local school district is not defined under Section 120.52(1)(c) as an agency, it is essential to look elsewhere to determine whether it is subject to the operation of the Act. Section 120.53(1)(d), pertaining to the adoption of rules of the scheduling of meetings, hearings and workshops, etc., provides in part:
"The agenda for a special meeting of a district school board under authority of S. 230.16 shall be prepared upon the calling of the meeting, but not less than 48 hours prior to such meeting."
Section 120.54(1)(a), relating to the adoption procedures of an agency's rules, sets forth the procedure relating to notice of intent by an educational unit to adopt, amend or repeal any rule not described in subsection (8) of Section 120.54. It was obviously the legislative intent to include local school districts within the operation of Chapter 120. This conclusion is also supported by reference to judicial authorities.
Prior to the revision of the A.P.A, effective January 1, 1975, the Supreme Court in Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969), specifically held that a county school board is an agency within the purview of Section 120.09, Florida Statutes (1967). See also Canney v. Board of Public Instruction of Alachua Co., 222 So.2d 803, 804 (Fla. 1st DCA 1969), where we held that "a county school board is a state agency within the contemplation of Chapter 120, ... for the purpose of reviewing the final administrative quasi-judicial order." In the later case of Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260, 263 (Fla. 1973), the Supreme Court stated that the legislature had delegated via the A.P.A. quasi-judicial powers to school boards. Finally in School Board of Flagler County v. Hauser, 293 So.2d 681 (Fla. 1974), the court held that a *1072 school teacher who had formerly been placed on continuing contract and was later placed on annual contract had a right to exhaust her administrative remedies by obtaining the hearing required by Section 120.22, Florida Statutes (1973).[3]
There is no statutory or judicial authority which suggests that a school superintendent is an agency subject to the provisions of the A.P.A. The conclusion, however, is obvious that the A.P.A. fully applies to district school boards.
It should be observed that petitioners' contracts were subject to "any and all laws, all lawful rules, regulations, or policies now existing or hereinafter enacted." (Emphasis supplied.) Attached to both petitioners' complaints were evaluation forms in which it was stated that the principal was to be responsible for the evaluation of each teacher in Leon County and that an evaluation would be placed in the teacher's personnel file by April 1 of the contract year. The petitioners alleged that the forms demonstrated that there was in existence an established "School Board policy regarding the evaluation of instructional personnel."
The forms provide that each teacher will have at least one observation for evaluation purposes occurring before January 31 of the school year and that after any formal or informal observation for evaluation purposes the evaluator will provide feedback to the teacher. They also provide that an evaluation conference will occur with the evaluator before the evaluation is signed. Both petitioners claimed that they had not been properly or fairly evaluated by their principals. Both petitioners claimed that they had never been warned or apprised by their principals that their teaching performance was deemed deficient. As a result, the petitioners state that they were never accorded an opportunity to correct those areas which their principals may have considered inadequate.
Section 231.29, Florida Statutes (1975), requires that the superintendent shall establish procedures for assessing the performance of the duties and responsibilities of all instructional personnel employed in his district. The principal also has the responsibility to make the assessment of the individual and report it to the superintendent and the school board for the purpose of reviewing continuing contract. Additionally, Section 231.29 provides in part:
"(d) Prior to preparing the written report of assessment, each individual shall be informed of the criteria and procedure to be used.
(e) The written report of assessment for each individual shall be shown to him and discussed by the person responsible for preparing the report...." (Emphasis added.)
Petitioners contend that their principals or the persons directly responsible for their supervision failed to follow the above statutory procedure by not warning them that their teaching performance was deemed deficient. These charges, if true, would constitute a violation by the Board of the statutory requirement that policy be adopted into rules and that the rules be published. Cf. Sections 120.52(14) and 120.55 and Straughn v. O'Riordan, 338 So.2d 832 (Fla. 1976).
The Board denies that there was any breach of petitioners' employment contracts because, having taken judicial notice of its rules and regulations, it knew that it had no policy on evaluation such as that referred to in the petition. Consequently the Board concludes "any failure by board employees to evaluate either Still or Witgenstein according to the alleged policy could not be a breach of the contracts as claimed because the purported policy, having never been adopted by the board, never became a part of petitioners' contracts."
*1073 If the Board, however, was aware of an evaluation policy which had been established by the superintendent, it was the Board's duty as the responsible agency to "[a]dopt rules of practice setting forth the nature and requirements of all formal and informal procedures, ... ." Section 120.53(b). Moreover a rule is defined by Section 120.52(14) as an "agency statement of general applicability that ... prescribes law or policy ... and includes any form which imposes any requirement... ." Additionally, pursuant to Section 230.22, the Board  not the superintendent  is authorized to adopt appropriate regulations. The superintendent may only recommend the adoption of appropriate regulations to the Board. Even assuming arguendo it had no responsibility to adopt an evaluation procedure initially established by the superintendent, the Board still had a duty as the responsible agency under the A.P.A., if disputed issues of material facts were involved, to accord a hearing to petitioners on a policy procedure which allegedly was not carried out by the supervisory staff in a manner consistent either with Section 231.29 or the superintendent's printed evaluation form.
Nor may the Board disavow any responsibility in the hiring of petitioners by claiming, as they have, that the instructional staff may be employed only upon the nomination of the teacher by the superintendent of schools, citing Section 230.23(5)(c) and Section 230.33(7)(d). The Board concludes it has authority to hire teachers without the superintendent's nomination only if (1) the Board has rejected for good cause the nominations made by the superintendent for a particular position, or (2) the superintendent has failed to make his nomination within six weeks before the close of the post-school conference.
The Board, however, may return to annual contract members of the instructional staff. See Section 230.23(5)(g). Additionally, the ultimate responsibility for the decision to employ or not to employ a teacher rests with the District School Board, not with the superintendent. We so recognized in School Board of Leon County v. Goodson, 335 So.2d 308 (Fla. 1st DCA 1976).
Finally, having determined that the Board is an agency and therefore subject to the operation of Chapter 120, we consider the denial of petitioners' "grievance" complaints can hardly be labeled  as the Board has done  final agency action. No order was ever entered by the Board, as required by Section 120.59, specifically setting forth findings of fact and conclusions of law.
Section 120.68(8), Florida Statutes (Supp. 1976), permits this court to remand the case for further agency action if "... [we find] that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow a prescribed procedure. Failure of any agency to comply with Section 120.53 shall be presumed to be a material error in procedure." As previously observed, Section 120.53(1)(b) requires the agency to adopt rules of practice setting forth the nature and requirements of all formal and informal procedures. By the Board's own admission this was not done. Accordingly, having determined that the Board is an agency as defined by Chapter 120, we grant the petition for review and remand this cause to the School Board of Leon County[4] for the following purposes:
1. The Board shall adopt rules of practice relating to the assessment of all instructional, administrative and supervisory personnel within its district in accordance with the procedure set forth by Section 231.29.
*1074 2. If there is no disputed issue of a material fact as to whether the assessment procedure provided in Section 231.29 was not followed, then a) if no assessment of petitioners' performance was made, it shall be the responsibility of the persons previously having direct supervision of petitioners to provide the equivalent of an assessment, and the written report of the assessment shall be shown to petitioners and discussed by the appropriate persons responsible for preparing the report. b) If an assessment was made, but the written report was not furnished to petitioners, the report shall be shown to petitioners and also discussed by the appropriate supervisors. In both instances petitioners shall be allowed the right to refute in writing any adverse criticism stated in such reports.
3. If there is a disputed issue of a material fact as to whether petitioners have been appropriately assessed in accordance with the statute, then the Board shall hold a hearing pursuant to the procedure set forth in Section 120.57(1), Florida Statutes (Supp. 1976), and the appropriate persons responsible for preparing the reports shall give testimony, and be subject to cross-examination, on the question of whether the statutory criteria set forth in Section 231.29 were followed.
4. The Board shall enter an order setting forth appropriate findings of fact and conclusions of law as required by Section 120.59.
McCORD, Acting C.J., and SMITH, J., concur.
NOTES
[1] Paragraphs nine and ten of each petitioner's contract provided:

"9. It is expressly understood and agreed by and between the parties hereto that neither the Teacher nor the school board owes any further contractual obligation to the other after June 13, 1975. The Teacher understands that unless and until she shall receive a continuing contract under and by virtue of the provisions of Section 231.36, Florida Statutes, she shall have probationary status and no legal cause shall be required of the school board in the event that the Teacher is not re-employed by the school board after June 13, 1975.
10. This contract shall at all times be subject to any and all laws, and all lawful rules, regulations, or policies now existing or hereinafter enacted."
[2] All further references to the Administrative Procedure Act, if not dated, will refer to the amendments which went into effect January 1, 1975.
[3] The statute (later replaced by § 120.57, Florida Statutes (Supp. 1974)) provided:

"Any party's legal rights, duties ... shall be determined only upon public hearing by an agency unless the right to public hearing is waived by the affected party, or unless otherwise provided by law."
[4] Petitioners claim that the Board, by its prior inconsistent actions, has rendered it incapable of rendering a fair and impartial decision, and that a hearing officer from the Department of Administration should be appointed to conduct the proceeding. The fact that an agency has taken an adverse position to an applicant's petition does not disqualify it "in the absence of a showing that [it] is not `capable of judging a particular controversy fairly on the basis of its own circumstances.'" Hortonville Dist. v. Hortonville Ed. Asso., 426 U.S. 482, 493, 96 S.Ct. 2308, 2314, 49 L.Ed.2d 1, 9 (1976).