591 So.2d 1032 (1991)
Quentin MITCHELL, Petitioner,
v.
LEON COUNTY SCHOOL BOARD, Respondent.
No. 91-4047.
District Court of Appeal of Florida, First District.
December 26, 1991.
Gerard F. Glynn, Tallahassee, and Joyce S. Dove, Enrique G. Estevez, and Miriam S. Wilkinson, Certified Legal Interns, for petitioner.
C. Graham Carothers, Tallahassee, for respondent.
PER CURIAM.
Quentin Mitchell[1] petitions this court for review of non-final agency action. *1033 For the reasons that follow, we deny relief without prejudice to his right to seek more appropriate remedies.
On October 16, 1991, Mitchell was involved in a fight with another student on the grounds of Leon High School and he allegedly pushed and threatened a staff member who attempted to break up the fracas. He was suspended from school for ten days and the suspension was extended by the Superintendent of the school system, who also recommended to the District School Board that Mitchell be expelled for the remainder of the school year. At its meeting of November 19, 1991, the Board heard evidence on the matter and voted 4 to 1 to expel Mitchell. This timely petition for review followed.
Petitioner argues that the actions of the Superintendent and the Board violated his constitutional rights in several respects and that applicable statutory provisions were not followed during the course of the proceedings. He asks for review of case on a non-final basis, pointing out that section 120.59(1), Florida Statutes, permits the agency 90 days to enter an order and arguing that he will be irreparably harmed by the delay, during which time he will be unable to attend classes and continue his education.
We find that there is nothing for this court to review at this time. Petitioner is correct that the Board is an agency for purposes of Florida's Administrative Procedure Act, chapter 120, Florida Statutes. Witgenstein v. School Board of Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977). An order expelling a student may be appealed to the appropriate district court of appeal. Walter v. School Board of Indian River County, 518 So.2d 1331 (Fla. 4th DCA 1987). Petitioner represents to the court (which representation we take as true for purposes of this discussion), however, that the Board has not yet rendered an order by reducing Mitchell's expulsion to writing and filing it with the agency clerk. See Fla. Stat. § 120.52(11) (1989). If so, what petitioner (and possibly also the respondent) overlooks is that Mitchell has not been expelled until such time as a written order is properly rendered. Except in formal rulemaking or declaratory statement proceedings, an agency decision which determines the substantial interests of a party must be made through the provisions of section 120.57, Florida Statutes, and culminate in a final order. McDonald v. Department of Banking and Finance, 346 So.2d 569, 577 (Fla. 1st DCA 1977); see ch. 91-30 § 4, Laws of Fla.; Fla. Stat. § 230.23(6)(c) (Supp. 1990). In the absence of rendition of a proper order there is nothing for this court to review nor, for that matter, any true legal obstacle to Mitchell's return to classes.
We recognize, of course, that the Board intended to expel Mitchell immediately upon the recording of its vote, but we are not at liberty to disregard the procedural and jurisdictional requirements involved in the administrative process. Section 120.59(1) does permit the agency 90 days after the hearing to render its final order, and the agency may well require at least a few days to draft a proper order which adequately recites findings of fact and conclusions of law. If an agency believes that the continuation of the status quo, as in this case the return of Mitchell to classes after his suspension lapsed, presents an immediate danger to the public health, safety or welfare, it may enter an immediate final order pursuant to section 120.59(3) to permit it time to draft a proper final order which properly recites the facts found. In the absence of an order, however, we find that the Board has not yet effectively expelled Mitchell and there is nothing for us to review.
If the Board does not either permit Mitchell to return to classes or enter an order of expulsion, he may apply to this court or the circuit court for appropriate mandatory or injunctive relief. Once a final order is rendered, of course, Mitchell may appeal.[2]
*1034 We dispense with rehearing and mandate shall issue forthwith.
PETITION DENIED WITHOUT PREJUDICE.
JOANOS, C.J., and SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Petitioner refers to himself as "Q.M." in his pleadings before this court, but as this is neither a dependency nor a delinquency proceeding, the provisions of sections 39.069(4) and 39.413(4), Florida Statutes (Supp. 1990), which require the use of a juvenile's initials in a case name, are inapplicable here.
[2] Mitchell applied to this court for a stay which was denied by unpublished order. Such motions should be first directed to the lower tribunal. Fla.R.App.P. 9.310(a); Trombley v. Fla. Real Estate Comm'n, 356 So.2d 813 (Fla. 4th DCA 1977).