ON MOTION FOR CLARIFICATION
W. SHARP, Judge.
We grant appellees’ motion for clarification, withdraw our prior opinion, and reissue the following to replace it.
Ashcraft appeals from an order which dismissed the two remaining counts of his second amended complaint, and which denied his motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540 by which he sought to reinstate his express contract counts against The District Board of Trustees of Valencia Community College. The express contract counts were stricken on the theory that only the Board of Trustees can contract with instructional personnel. However, it appears that the college had not made the court aware that the Board of Trustees had held a meeting at which they voted to reappoint Ashcraft for the 1990-91 school year. We reverse.
The record in this ease is not in dispute. Ashcraft was employed by the college as an instructor for the 1989-90 school year. *272 Unknown to Ashcraft until shortly before he filed his motion for relief from judgment, the Board of Trustees met on April 18, 1990. At that meeting they voted to reappoint Ashcraft (among others) for the 1990-91 school year.
Following the Board’s action, the college president wrote a letter to Ashcraft, dated June 4, 1990, which said: “I am pleased to inform you that the Valencia Community College District Board of Trustees has reappointed you as: Professor at Valencia Community College for the 1990-91 school year.” The memo further directed Ash-craft to accept or reject the reappointment, to sign and date it, and to return the original to the college. Ashcraft accepted the reappointment, signed and dated it, and returned the paper to the college president.
On June 20, 1990, Ashcraft was notified he would not be tendered a written annual contract for 1990-91 because of insufficient student enrollment. This was confirmed by a letter from Carolyn Allen dated June 27, 1990. No written contract was ever issued to Ashcraft for the 1990-91 term.
Ashcraft filed a multi-count complaint against the Board of Trustees and others for fraud, breach of contract, specific performance and tortious interference with an employment contract. The college moved to dismiss each count for failure to state a cause of action. The court allowed Ash-craft to replead two of his counts, but it dismissed with prejudice the counts which depended upon the existence of a contract between himself and the. college.
At the hearing, which was transcribed and furnished as part of the record on appeal, it is clear the college argued that Ashcraft had failed to plead that a contract for the 1990-91 school year existed. The college urged that the memo from the college president was not a contract because it was signed only by the president, and only the Board of Trustees was authorized on behalf of the college to enter into contracts for instructional personnel.
The trial judge agreed with that view. He said: “I’m going to hold that only the Board of Trustees can bind the college.” In his order of July 29, 1991, dismissing the contract counts, the trial judge cited Witgenstein v. School Board of Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977), which the college alleged was analogous and controlling. That case holds that the responsibility for a decision to hire a teacher rests with the school board, and not with the school superintendent. Superintendents and college presidents can only recommend to the school board or board of trustees the hiring of individuals as teachers.
By November of 1991, Ashcraft had learned there existed in the college files, minutes of the Board of Trustees’ meeting held April 18, 1990. At that meeting, the Board “reappointed” for the 1990-91 school year twenty-two instructional personnel, one of whom was Ashcraft.
Ashcraft’s motion for relief from judgment attached a copy of the college agenda and minutes, and urged the court to allow the contract counts to stand. Ashcraft alleged that he did not know about the April 18, 1990 meeting at the time the court dismissed the contract counts of the complaint.
The college argues on appeal that it merely took the position below that no written contract had been executed. However, a review of the record shows that its position below and the one expressly relied upon by the trial court was that no express contract had been entered into by the Board of Trustees. Express contracts may be either written or oral, or a combination of the two. The minutes of the April 18, 1990 Board meeting, plus the June 24, 1990 letter from the college president, provide a solid pleading basis for Ashcraft’s position that he had been offered and had accepted an express contract by the Board, to teach for the 1990-91 school year.
We agree with the college’s position that only the Board of Trustees can enter into contracts with instructors.[1] But no statute or rule has been pointed out to us *273 which requires that an instructional contract be in writing or in any particular form. Florida Administrative Code Rule 6A-14.041 merely says the contract form shall be prescribed by the Commissioner, and section 240.339 provides that an instructor hired to teach shall be “entitled” to a contract, pursuant to the Rules.
Rule 6A-14.041(5) provides that an instructor who has received an offer from the Board to teach (as did Ashcraft) and who signs and returns it (as did Ashcraft) but who later reneges on performing the contract will be reported to the executive director, and will be ineligible to teach in the college system for one year. This paper which Ashcraft received and signed had serious consequences for him. Surely it is not unreasonable that there should be some consequences to the sender.
In this case, the college could have protected itself from the predicament of hiring instructors before knowing the number of students for the courses to be taught. Rule 6-014.041(4) provides that a teaching contract can be conditioned on the number of students who sign up for the course being offered. But, this was not done either at the Board of Trustees meeting nor in the offer made to Ashcraft.
Accordingly, we hold that Ashcraft sufficiently demonstrated a right to equitable relief under Rule 1.540. See Kidder v. Hess, 481 So.2d 984 (Fla. 5th DCA 1986); Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla. 3d DCA 1981). Knowledge of the Board of Trustee’s action at the April meeting was not available to Ash-craft at the hearing when the contract counts were stricken, nor was it proffered by the college to the court. The college was fully aware of the April meeting, although perhaps not its full legal implications in the context of this lawsuit. However, in the context of this lawsuit, the actions taken by the Board at that meeting, coupled with the written offer from the college president, would have defeated the reasons urged by the college to strike the contract counts.
On remand, Ashcraft shall be permitted to replead his contract counts in this cause. This will not preclude the college from raising such other defenses or bars it may have, although the thrust of this opinion is that the minutes and the college president’s letter set out a sufficient basis to plead an express contract with the Board of Trustees.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.

. §§ 240.319(3)(c); 240.319(3)(1)1; Fla.Stat. (1989); Fla.Admin.Code Rule 6A-14.0262(7). See Witgenstein v. Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977).