Captain Michael W. Gavlak U.S. Navy (Retired) Post Office Box 28028 Panama City, Florida 32411-8028
Dear Captain Gavlak:
You have asked for my opinion on the following question:
May a person serve simultaneously on the Bay County Airport Authority and on the Bay County School Board without violating the terms of Article II, section 5(a), Florida Constitution?
In sum:
The dual officeholding prohibition of the Florida Constitution would not be violated by the simultaneous service of one person as both a member of the Bay County School Board and the Panama City-Bay County Airport Authority.
Section 5(a), Article II, Florida Constitution, provides in part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ." The constitutional provision does not define the term "office" or "officer," but the Supreme Court of Florida has stated that an "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office.[1]
Despite the broad scope of the dual officeholding prohibition, this office has consistently advised district officeholders that the constitutional prohibition does not apply to district offices.[2]
District officers, as officers of special districts, i.e., entities created by law to perform a special governmental function, are not covered by the constitutional prohibition against dual officeholding.
Recently, the Florida Supreme Court considered the designation of school board members as district officers and rejected this designation in favor of that of county officers. In In re Advisory Opinion To The Governor — School Board Member — Suspension Authority,[3] the Governor asked the Court whether school board members could be suspended under constitutional provisions governing suspensions of county officers[4] or whether a suspension should be accomplished under the statutory provisions governing district officers.[5] The Court concluded that school board members are county officers who have equivalent power and authority to that of county commissioners although their power is exercised in different local governmental spheres.[6] Thus, a member of the Bay District School Board is an officer for purposes of the constitutional dual office-holding prohibition.
The Panama City-Bay County Airport and Industrial District was created by special act of the Legislature in 1967.[7] The governing authority for the district is composed of five members who are residents of Bay County and who are selected as follows: two of the five members are appointed by the city commission of the City of Panama City; two of the five members are appointed by the Board of County Commissioners of Bay County; the four appointed members select the fifth member.[8] Chapter 67-1099, Laws of Florida, created the airport district "for the purpose of acquiring, constructing, improving, financing, operating and maintaining airport projects. . . ."[9]
The Panama City-Bay County Airport and Industrial District appears to be a special district created to perform a special and limited governmental function. Therefore, a member of the Panama City-Bay County Airport and Industrial District Authority would not be an officer within the scope of the dual officeholding prohibition set forth in Article II, section 5(a), Florida Constitution.
In sum, it is my opinion that a person may serve simultaneously on the Panama City-Bay County Airport Authority and on the Bay County School Board without violating the terms of Article II, Section5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919), see also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[2] See, e.g., Op. Att'y Gen. Fla. 71-324 (1971), 73-47 (1973), 75-153 (1975), 78-74 (1978), 80-16 (1980), 84-72 (1984), 85-24 (1985), and 86-55 (1986).
[3] 626 So.2d 684 (Fla. 1993).
[4] See, Art. IV, s. 7(a), Fla. Const. 
[5] See, s. 112.52, Fla. Stat.
[6] Supra, at note 4, p. 689.
[7] The act was amended in 1969 by Ch. 69-834, Laws of Florida, but the changes made are not significant to this discussion.
[8] Chapter 67-1099, s. 3(1), at 179-180, Laws of Florida.
[9] Chapter 67-1099, s. 4, at 180-181, Laws of Florida.