Mr. C. Graham Carothers Leon County School Board Attorney Post Office Box 391 Tallahassee, Florida 32302
Dear Mr. Carothers:
You ask substantially the following question:
Do the provisions of section 11.062(2), Florida Statutes, restricting the use of state funds for lobbying, apply to a school district?
In sum:
The provisions of section 11.062(2), Florida Statutes, restricting the use of state funds for lobbying, do not apply to a school district.
You state that a question has arisen whether a public school district may use a part-time employee or contract with a nonemployee to represent the school district's interests before the legislative or executive branch. You note the provisions of section 11.062(2), Florida Statutes, and state that is it unclear whether a school district is a part of the "executive department" or an employee is a "state employee" inasmuch as state funds are appropriated to school districts and are used for salaries. Therefore, you inquire about the applicability of section11.062(2) to district school boards.
Section 11.062(2)(a), Florida Statutes, provides:
"A department of the executive branch, a state university, a community college, or a water management district may not use public funds to retain a lobbyist to represent it before the legislative or executive branch. However, full-time employees of a department of the executive branch, a state university, a community college, or a water management district may register as lobbyists and represent that employer before the legislative or executive branch. Except as a full-time employee, a person may not accept any public funds from a department of the executive branch, a state university, a community college, or a water management district for lobbying."
The above prohibition does not apply to such governmental entities retaining a lobbyist for the purpose of representing the entity before the executive or legislative branch of the Federal Government.[1] Those entities or persons violating section11.062(2)(a), Florida Statutes, however, may be prohibited from lobbying, or registering to lobby, the executive or judicial branch for a period not exceeding two years.[2]
School boards have been held to be state agencies under the Administrative Procedures Act, Chapter 120, Florida Statutes, and for purposes of immunity from suit.[3] Like community colleges, district schools are part of the state system of public education.[4] However, school districts, as are community colleges, are generally considered to be political subdivisions of the state.[5] For example, the Supreme Court of Florida in an advisory opinion to the Governor did not find the inclusion of community colleges within the state system of public education to be dispositive of whether members of community college boards of trustees were state officers, but rather concluded that a member of a community college board of trustees is a district officer rather than state officer.[6]
District schools are not included within Chapter 20, Florida Statutes, setting forth the organizational structure of the executive branch of state government. Moreover, the Supreme Court of Florida in Advisory Opinion to Governor — School BoardMember — Suspension Authority,[7] held that district school board members are "county officers" for purposes of governor's suspension authority under provision of State Constitution and for purposes of dual officeholding.
Section 11.062(2)(a), Florida Statutes, refers to a department in the executive branch, a state university, a community college, or a water management district. The Legislature has deemed it necessary to specifically include community colleges among those entities subject to the prohibitions and limitations of section11.062(2)(a), Florida Statutes.[8] It has not, however, included district school boards.
In light of the above, I am therefore of the opinion that the provisions of section 11.062(2), Florida Statutes, restricting the use of state funds for lobbying, do not apply to a school district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 11.062(2)(c), Fla. Stat.
[2] See, s. 11.062(2)(b) and (d), Fla. Stat.
[3] See, s. 120.52(1)(c), Fla. Stat., defining "Agency" for purposes of Ch. 120 to include "[e]ach other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions"; and Board of PublicInstruction of Broward County v. State ex rel. Allen,219 So.2d 430, 432 (Fla. 1969) (school district subject to Ch. 120, Fla. Stat.); Mitchell v. Leon County School Board, 591 So.2d 1032
(Fla. 1st DCA 1991); Witgenstein v. School Board of Leon County,347 So.2d 1069 (Fla. 1st DCA 1977).
And see, s. 768.28(2), Fla. Stat., defining "state agencies or subdivisions" to include "the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority." Cf.,Bragg v. Board of Public Instruction of Duval County,36 So.2d 222 (Fla. 1948) (The law may impose liability for tort on Boards of Public Instruction but the prevailing rule in this country is that they are not so liable unless made so by law); Levine v. DadeCounty School Board, 442 So.2d 210 (Fla. 1983).
[4] See, ss. 228.041(2) and 230.03(1), Fla. Stat.
[5] See, e.g., 1.01(8), Fla. Stat., providing that the words "public body," "body politic," or "political subdivision" include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state." (e.s.) Dade County School Board v. RadioStation WQBA, 699 So.2d 701 (Fla. 3d DCA 1997) (county school board is a political subdivision of the State of Florida, and thus its liability is limited by the statutory cap in s. 768.28, Fla. Stat); C.L. v. State, 693 So.2d 713, 715 (Fla. 4th DCA 1997) (s.1.01, Fla. Stat., leads to conclusion that a school district is a "political subdivision" within this state).
[6] Advisory Opinion to the Governor-Dual Office-Holding,630 So.2d 1055 (Fla. 1994).
[7] 626 So.2d 684 (Fla. 1993).
[8] Cf., Sharer v. Hotel Corporation of America, 144 So.2d 813,817 (Fla. 1962) (it should never be presumed that the Legislature intended to enact purposeless legislation); Terrinoni v. WestwardHo!, 418 So.2d 1143 (Fla. 1st DCA 1982) (words in statute should not be regarded as surplusage); City of Pompano Beach v. Capalbo,455 So.2d 468 (Fla. 4th DCA 1984).