Mr. Robert W. Hughes Superintendent of Schools School Board of Alachua County 620 East University Avenue Gainesville, Florida 32601-5498
Dear Mr. Hughes:
You ask substantially the following question:
May members of a school board attend and participate in board meetings via electronic means?
In sum:
A school board may use electronic media technology in order for a physically absent member to attend a public meeting of the board if a quorum of the members is physically present.
You state that some members of the school board have expressed a desire to participate in board meetings via electronic means. Section 120.54(5)(b)2., Florida Statutes, allowing public meetings, hearings, or workshops of state agencies to be conducted by means of communications media technology, has been considered as authority for such action, but the question arises whether the Legislature intended to limit the statute's application to agencies of the executive branch of state government. Moreover, in the event it is determined that members of the board may attend and participate in the meeting electronically, you ask whether a quorum of members must be physically present at the meeting site.
This office recognized in Attorney General Opinion 92-44 that improvements in communications media technology have altered the concept of how members of a board or commission may participate in a public meeting. In that opinion, it was concluded that a county commissioner who was physically unable to attend a commission meeting because of medical treatment could participate and vote in a meeting by using interactive video and telephonic technology. The opinion noted, however, that the statutory requirements that a meeting of the county commission be held at any appropriate public place in the county would require that a quorum of the members be physically present at the meeting.
Relative to meetings of a school board, section 230.17, Florida Statutes, states:
"(1) Except as provided in subsection (2), all regular and special meetings of the school board shall be held in the office of the superintendent or in a room convenient to that office and regularly designated as the school board meeting room.
(2) Upon the giving of due public notice, regular or special meetings of the board may be held at any appropriate public place in the county."
This statutory requirement is analogous to the requirement that meetings of the county commission be held at an appropriate place in the county.[1] Moreover, section 230.18, Florida Statutes, states that "[a] majority shall constitute a quorum for any meeting . . . [and] [n]o business may be transacted at any meeting unless a quorum is present[.]"
Thus, the rationale underlying the conclusion in Attorney General Opinion 92-44, as well as the plain statutory requirements cited above, lead to the conclusion that a quorum of the school board members must be physically present at a school board meeting. I am of the opinion, therefore, that a quorum of the members of the school board must be physically present at a meeting of the board in order for the meeting to comply with the Government in the Sunshine Law.
Section 120.54(5)(b)2., Florida Statutes, states that the uniform rules adopted by the Administration Commission must include
"[u]niform rules for use by each state agency that provide procedures for conducting public meetings, hearings, and workshops, and for taking evidence, testimony, and argument at such public meetings, hearings, and workshops, in person and by means of communications media technology. . . ."[2] (e.s.)
While there is no question that a school board is an "agency" for purposes of application of Chapter 120, Florida Statutes,[3] the plain language of section 120.54(5)(b)2., Florida Statutes, limits its terms only to uniform rules for state agencies. In section120.54, Florida Statutes, the Legislature has chosen to use "agency" in some parts and "state agency" in others, giving a distinction to the terms that should be acknowledged.[4] While the uniform rules adopted by the Administration Commission to assure compliance with the requirements of Chapter 120, Florida Statutes, apply to all agencies subject to the Administrative Procedure Act, there is nothing to indicate that the more specific rules governing procedures to be followed by state agencies in conducting public meetings and hearings would have an equally broad application.[5]
Chapter 120, Florida Statutes, contains no provisions characterizing a district school board as a state agency. Moreover, this office recently determined that a district school board is not a part of the executive branch of government, nor are its employees state employees subject to the lobbying restrictions contained in section 11.062(2)(a), Florida Statutes.[6] Members of the school board have been characterized as county officers.[7]
Accordingly, absent a statute recognizing the district school board as a "state agency" for purposes of section 120.54(5)(b)2., Florida Statutes, I cannot conclude that the uniform rules adopted thereunder would apply.
Allowing state agencies and their boards and commissions to conduct meetings via communications media technology under specific guidelines recognizes the practicality of members from throughout the state participating in meetings of the board or commission. While the convenience and cost savings of allowing members from diverse geographical areas to meet electronically might be attractive to a local board or commission such as a school board, the representation on a school board is local and such factors would not by themselves appear to justify or allow the use of electronic media technology in order to assemble the members for a meeting.
District school boards have been granted home rule powers and may exercise any power for school purposes in the operation, control and supervision of the free public schools in their districts unless expressly prohibited by the State Constitution or general law.[8] This grant of authority would allow a district school board to adopt its own rules governing the use of electronic media technology for its meetings, subject to the limitation that a quorum of the board's members must be physically present at the meeting. Moreover, the board may wish to consider this office's previous opinions condoning the use of electronic media technology when an absent member is physically unable to attend a meeting due to medical treatment or physical infirmity.[9]
Accordingly, it is my opinion that a school board may use electronic media technology in order to allow a physically absent member to attend a public meeting if a quorum of the members of the board is physically present at the meeting site.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 125.001, Fla. Stat., stating: "Upon the giving of due public notice, regular and special meetings of the board may be held at any appropriate public place in the county."
[2] Section 120.54(5)(b)2., Fla. Stat., further provides:
"The rules shall provide that all evidence, testimony, and argument presented shall be afforded equal consideration, regardless of the method of communication. If a public meeting, hearing, or workshop is to be conducted by means of communications media technology, or if attendance may be provided by such means, the notice shall so state. The notice for public meetings, hearings, and workshops utilizing communications media technology shall state how persons interested in attending may do so and shall name locations, if any, where communications media technology facilities will be available. Nothing in this paragraph shall be construed to diminish the right to inspect public records under chapter 119. Limiting points of access to public meetings, hearings, and workshops subject to the provisions of s. 286.011 to places not normally open to the public shall be presumed to violate the right of access of the public, and any official action taken under such circumstances is void and of no effect. Other laws relating to public meetings, hearings, and workshops, including penal and remedial provisions, shall apply to public meetings, hearings, and workshops conducted by means of communications media technology, and shall be liberally construed in their application to such public meetings, hearings, and workshops. As used in this subparagraph, `communications media technology' means the electronic transmission of printed matter, audio, full-motion video, freeze-frame video, compressed video, and digital video by any method available."
[3] See, s. 120.52(1)(c), Fla. Stat., defining "Agency" for purposes of Ch. 120 to include "[e]ach other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions[;]" and Board of PublicInstruction of Broward County v. State ex rel. Allen,219 So.2d 430, 432 (Fla. 1969) (school district subject to Ch. 120, Fla. Stat.); Mitchell v. Leon County School Board, 591 So.2d 1032
(Fla. 1st DCA 1991); Witgenstein v. School Board of Leon County,347 So.2d 1069 (Fla. 1st DCA 1977).
[4] See, s. 120.54(8), Fla. Stat., requiring each "agency" to compile a rulemaking record, but further requiring each "state agency" to retain the record of rulemaking as long as the record is in effect.
[5] See, Rule 28-8.003(2), Fla. Admin. Code, defining "Agency" for purposes of providing procedures to be followed by an agency which desires to conduct a meeting by means of communication media technology as "any official, officer, commission, board, authority, council, committee, or department of the executive branch of state government."
[6] Attorney General Opinion 97-82 (1997).
[7] See, In re Advisory Opinion to Governor — School BoardMember — Suspension Authority, 626 So.2d 684 (Fla. 1993), in which the Court held that district school board members are "county officers" for purposes of the Governor's suspension authority under provision of State Constitution and purposes of dual officeholding.
[8] See, Ops. Att'y Gen. Fla. 86-45 (1986), 84-95 (1984), 84-58 (1984), and 83-72 (1983). And see, s. 230.03(2), Fla. Stat., which provides:
"In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law."
[9] See, Op. Att'y Gen. Fla. 92-44 (1992) and Inf. Op. Att'y Gen. to Bryan W. Henry, dated July 26, 1982. Cf., Op. Att'y Gen. 94-55 (1994) (out-of-state member of museum board allowed by speaker phone to participate in discussions, to be heard by other board members and the public and to hear discussions taking place during board meeting).