THOMPSON, Judge.
Fred D. Greene, Superintendent of Schools of Hamilton County, appeals from final agency action of the School Board of Hamilton County (Board) employing Coe, an administrative employee of the school district, for a two-year period instead of the one-year period recommended by Greene. He contends that the Board exceeded its authority and was without power to grant Coe a two-year contract in the face of Greene’s recommendation that Coe be given a one-year contract, and that the Board should simply have accepted or rejected Greene’s recommendation as to Coe’s reemployment. We agree and reverse.
In 1980 Coe was awarded a three-year contract to serve as the Hamilton County School District’s Administrative Assistant for Programs and Personnel. It is argued that the awarding of this three-year contract was illegal since Coe is neither a principal nor a supervisor and thus was not eligible for a three-year contract under § 231.36(l)(b), Fla.Stat. (Supp.1982), or, alternatively, that the three-year contract *501 was illegal because Coe’s position is non-instructional and Rule 4.02, Rules of the School Board of Hamilton County, provides that non-instructional personnel must be reappointed annually. However, we need not decide these questions because we conclude that a school board may not amend a superintendent’s recommendation as to the duration of a contract proposed to be awarded to a nominee for a position with a school district, but can only accept or reject the superintendent’s recommendation and nomination as tendered.
By statute, the school board is the policy-making body for the school district, while the superintendent is the chief executive officer of the school board and the chief administrator within the school district. §§ 230.03, .22, .23, .31, .32, .33, Fla. Stat.(1981); § 230.321, Fla.Stat. (Supp. 1982). Under these statutes, it has been repeatedly held that with regard to employment of school district personnel, it is the superintendent’s duty to select and nominate personnel, while it is the school board’s duty to appoint and contract with employees nominated by the superintendent, unless upon a finding of good cause, the board chooses to reject such nominations. See, e.g., State ex rel. Lawson v. Cherry, 47 So.2d 768 (Fla.1950); Von Stephens v. School Board of Sarasota County, 338 So.2d 890 (Fla. 2d DCA 1976), and cases cited therein.
In this case, the Board asserts that it has fulfilled its statutory duties, in that it did in fact accept the superintendent’s nomination of Coe, and simply rejected the superintendent’s recommendation that Coe receive only a one-year contract. The Board further argues that while it is obliged to show good cause for rejecting a nomination, it need not show good cause for rejecting a recommendation. We cannot accept the proposition that a nomination may be distinguished from a recommendation, at least where the recommendation concerns the duration of employment. We perceive that the allocation of responsibilities with respect to school district personnel matters outlined above, i.e., selection by the superintendent and appointment by the Board, was intended not only to remove political considerations from the process of selecting those persons responsible for the education of children, but also -to insure that the superintendent will have sufficient control and authority over the employees of the school district to permit him to carry out the responsibilities of managing the system. An executive or administrator who cannot control his employees cannot function. An essential element of control of employees is the ability to replace them or transfer them within the system when necessary. We can envision any number of reasons why a school superintendent might wish to employ or reemploy a given individual in a particular position, yet might not wish to be bound, for a lengthy period of time, to retain the individual in the particular position for which he was hired, or at all. Furthermore, we, like the court in Von Stephens, see little basis for distinguishing the terms “recommendations’’ and “nominations” because of the imprecise manner in which these terms are used in the school code. Von Stephens, 338 So.2d 890, 893 n. 3. For these reasons, and because we can find no authority expressly permitting school boards to amend the recommendations of the superintendent, we find that the Board’s action was ultra vires, and must be reversed.
We also agree with Superintendent Greene’s contention that the Board should have appointed legal counsel to represent him in his dispute with the Board. In the case of Shuler v. School Board of Liberty County, 366 So.2d 1184, 1185 (Fla. 1st DCA 1978), cert. dismissed, 368 So.2d 1373 (Fla.1979), this court held:
We are of the view that when a viable legal issue develops between a superintendent and a school board, as to the respective powers and responsibilities of each, of such magnitude as to reasonably require competent legal advice, each is entitled to independent representation by competent legal counsel at public expense. ...
*502 The Board argues that Shuler should not control, since the Board, unlike the School Board of Liberty County, has no express policy providing that it should retain legal counsel to represent the superintendent when he needs legal services. We disagree. The public interest requirfes that disputes such as the one at issue here be fully developed and aired, and properly resolved in accordance with law. Resolution of the issue presented in this case necessarily requires interpretation of rather complex provisions of The Florida School Code, and proper development and presentation of the issue clearly required the services of competent legal counsel. Accordingly, the Board’s action in refusing to employ counsel to represent appellant is reversed, and the Board is instructed to pay to appellant’s attorney a reasonable fee for services rendered in this appeal as well as for such services, if any, rendered before the Board on behalf of appellant in connection with the issues raised herein.
Reversed and remanded for proceedings consistent with this opinion.
MILLS and WIGGINTON, JJ., concur.