549 So.2d 726 (1989)
Jerry W. EDGAR, Appellant,
v.
The SCHOOL BOARD OF CALHOUN COUNTY, Florida, Appellee.
No. 88-3086.
District Court of Appeal of Florida, First District.
September 26, 1989.
John D. Carlson, of Gatlin, Woods, Carlson & Cowdery, Tallahassee, for appellant.
Frank A. Baker, Marianna, and J. David House, Blountstown, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a final order entered October 27, 1988, by the School Board for Calhoun County, demoting appellant from continuing contract to annual contract status contingent upon appellant paying the school board money representing the deficit existing in a school fund. We affirm, finding no reversible error on appellant's stated issues as to 1) whether the school board's action violates the provisions of appellant's contract, state law, administrative rules, and appellant's due process rights; 2) whether the school board had good and sufficient reasons for its action; 3) whether appellant received a fair and impartial hearing; and 4) whether appellant is entitled to affirmative relief from the board.
Prior to July 1, 1987, appellant held the position of principal at Altha School under a continuing contract. In 1985 appellant appointed a sponsor for the cheerleading *727 team. The sponsor ultimately testified that appellant never explained to her the rules governing internal school funds. During the 1985-86 school year, expenditures for cheerleading activities exceeded receipts. The team sponsor was eventually informed of the necessity to keep a positive balance in the account, but she continued to requisition the issuance of checks and appellant signed the checks. Appellant received an audit of the internal school funds on August 26, 1986, which identified the existence of deficit spending in the cheerleading fund. The superintendent also received the audit and reviewed it with his administrators. Checks for amounts greater than credited in the cheerleader fund continued to be written. The fund showed another deficit after the end of the 1986-87 school year.
On July 14, 1987, the school board made its first inquiry into the fund deficit. At that meeting, the school board made an initial determination to create a new district administrative position to which appellant would be transferred at his same salary. Appellant indicated that he would accept the transfer provided he maintained his continuing contract and pay. On August 6, 1987, the superintendent mailed appellant a letter advising him of a hearing set for August 11, 1987, at which the allegations involving the cheerleader funds were discussed. On August 11, 1987, both the cheerleading team sponsor and appellant were in attendance. The sponsor stated she had authorization from appellant to make payments from the fund where there was not sufficient money to cover the payments. Appellant "agreed that he was aware of the transactions taking place." The board concluded that appellant did not perform his duties as principal in supervising the sponsor, and had breached the terms of his continuing contract. The board unanimously voted to place both the sponsor and appellant on annual contracts and to require each of them to repay portions of the fund deficit. Appellant agreed to be transferred to the district office and to repay his part of the deficit.
On August 31, 1987, appellant petitioned the board for a section 120.57 hearing. In his petition appellant challenged the validity of the August 11, 1987, school board meeting on procedural grounds. The board granted appellant's petition and discovery commenced. On May 11, 1988, the school board answered appellant's petition, asserting that: 1) because appellant asked for a 120.57 hearing, the action taken on August 11, 1987, was thus rendered proposed agency action; 2) the school board and superintendent concurred in the decision to demote appellant to annual contract status based on good and sufficient reasons prior to April 1, 1988; 3) appellant should be dismissed at the end of the current contract year, or he should be transferred to the district administrative office under an annual contract. Appellant moved to strike the answer and disqualify the board as the fact-finder because the regular attorney for the school board was acting in a dual capacity as counsel for the board and as prosecutor. The board granted the motion to strike with leave to amend, and denied the motion to disqualify. After an amended answer, the hearing was held on August 24, 1988.
In its final order the school board found that in spite of appellant's earlier agreement to repay his part of the deficit in the fund, he had failed to do so. It found that appellant's conduct in failing to supervise the cheerleader sponsor and breaching the terms of his continuing contract constituted good and sufficient reason for returning appellant to annual contract for knowing and willful misconduct in office, incompetency, gross insubordination, and neglect of duty. Appellant was placed on annual contract status effective July 1, 1988. Appellant had earlier agreed to his transfer to the district office, and does not seek review of this action on appeal. Rather, he seeks review only of his return to annual contract status. Appellant was continuously employed by the school board at the same salary through the date of final hearing.
Section 231.36(4)(b), Florida Statutes, reads:
Any member of the district administrative ... staff... including any principal, who is under continuing contract may be *728 dismissed or may be returned to annual contract status ... when a recommendation to that effect is submitted in writing to the school board on or before April 1 of any school year, giving good and sufficient reasons therefor, by the superintendent .. . or by a majority of the school board. The employee whose contract is under consideration shall be duly notified in writing by the party or parties preferring the charges at least 5 days prior to the filing of the written recommendation with the school board, and such notice shall include a copy of the charges and the recommendation to the school board. (e.s.)
Because of the penal nature of the statutory provision quoted above, the statute is strictly construed in favor of the employee who is being affected by application of the statute. Gainey v. School Board of Liberty County, 387 So.2d 1023, 1029 (Fla. 1st DCA 1980). The statute requires that a written recommendation to return an individual to annual contract status must be filed with the school board by April 1 of any school year. Here, the school board undertook to demote appellant at its August 11, 1987, meeting, but appellant requested a 120.57 hearing and the school board's decision to demote appellant was not accomplished until August 24, 1988 (although effective July 1, 1988). To comply with section 231.36(4)(b), the written recommendation to the school board should have been filed by April 1, 1988, with written notice (including a copy of the charges and the recommendation) to appellant five days before filing.
At the school board meeting on August 11, 1987, both the team sponsor and appellant were questioned extensively. According to the official minutes of the meeting, at the end of the meeting the members of the school board unanimously voted to place appellant on annual contract status. The official minutes of the meeting plainly recorded a written recommendation to the board, and this requirement of the statute, supra, was therefore met before the April 1, 1988, deadline for "filing." The same provision required that appellant have written notification of this recommendation and the charges at least five days prior to filing. We conclude that this requirement was also met because the charges and recommendation were set out in writing in appellant's presence in the minutes of the August 11, 1987, meeting. Later confirmation by board response, after April 1 but long before the final hearing, also contained a copy of the charges and recommendation.
While section 231.36(4), Florida Statutes, sets the procedures required before the school board can act to dismiss or demote a school board employee, in this case appellant also received a formal administrative hearing under section 120.57. As noted in Capeletti Brothers, Inc. v. State Department of General Services, 432 So.2d 1359, 1363 (Fla. 1st DCA 1983), "APA hearing requirements are designed to give affected parties an opportunity to change the agency's mind." We find no persuasive support for the contentions here as to improper prejudgment beyond that inherent in the administrative process. Such hearings are intended to formulate final agency action, not review action already taken. Id. at 1364. Thus, since the agency did not take final action until the August 24, 1988, hearing, appellant's due process rights were fully met. He received timely notice of specific allegations of misconduct through the written minutes of the August 11, 1987, meeting created in his presence, containing full charges and recommendation, as well as the school board's ultimate response to appellant's 120.57 petition. Appellant was given ample opportunity to respond and to present argument and evidence in the exercise of his statutory and due process rights.
As to sufficiency of the reasons cited by the board for its action, the board rules prohibit a principal from incurring a debt that cannot be paid by the school during the year of incurrence without first obtaining permission from the school board. Appellant was required to assume responsibility for the management of all public funds handled in the school under established policies and procedures. He testified that he had actual knowledge of these rules, and acknowledged that spending from deficit accounts was a serious *729 violation of policy. The school board noted in its final order clear and convincing evidence that there were numerous expenditures authorized by appellant from the cheerleader account after it showed a deficit. Appellant failed to reimburse the school for the deficit amount, and the portion ultimately fixed as his share was the sum to which he originally agreed in August 1987 as his share of the deficit existing when the charges and recommendation were submitted to the board.
As to whether appellant received a fair and impartial hearing, this court has held in Ford v. Bay County School Board, 246 So.2d 119 (Fla. 1st DCA 1970), that traditional notions of justice and fair play require an administrative board to designate one person to act as its legal advisor and a different person as prosecutor. Here, the school board was initially utilizing the services of the same attorney to represent its adversarial position against appellant and to counsel it in its role as fact-finder in these proceedings. However, prior to appellant's request for hearing, and before March 11, 1988, the school board had retained another attorney to prosecute the claim. Further, appellant had known of the dual role played by the school board attorney and did not object for several months. The failure of a party to move for disqualification within a reasonable time after knowledge of the suspect grounds may constitute a waiver. See generally In re Estate of Carlton, 378 So.2d 1212, 1218 (Fla. 1979).
The board found that because appellant had not presented any evidence of a loss of wages appellant could not recover an attorney's fee. We find no error in that conclusion, and no other basis for awarding costs or fees herein.
Affirmed.
ERVIN, J., concurs.
ZEHMER, J., dissents without written opinion.