Ms. Cynthia S. Prettyman General Counsel The School Board of Palm Beach County 3318 Forrest Hill Boulevard West Palm Beach, Florida 33406-5813
Dear Ms. Prettyman:
On behalf of the Palm Beach County School Board you have asked for my opinion on substantially the following question:
Is a district school board member precluded from making recommendations to the school board regarding those matters specifically reserved for the superintendent of schools by sections 230.32 and 230.33, Florida Statutes?
In sum:
Sections 230.32 and 230.33, Florida Statutes, prescribe the powers and duties of the superintendent of schools and the responsibilities described therein are exclusively assigned to the superintendent. The superintendent is directed, however, to accomplish these responsibilities with the advice and counsel of the school board, whose suggestions the superintendent may, in his or her discretion, adopt as recommendations for approval.
You have asked for this opinion on the respective rights and responsibilities of school board members and the superintendent of schools. Questions have arisen on several occasions when board members have independently proposed recommendations in those areas governed by sections 230.32 and 230.33, Florida Statutes, without a prior recommendation by the superintendent. The issue you raise then, is whether sections 230.32 and 230.33, Florida Statutes, preclude a school board member from recom-mending policies directly to the board for adoption in the absence of a recommendation by the superintendent.
Florida courts have recognized that the provisions in Chapter 230, Florida Statutes, which you have cited, delineate a system in which the district school board is the policy-making body for the school district, while the superintendent is the chief executive officer of the school board and the chief administrator within the school district.[1]
Section 230.22, Florida Statutes, describes the general powers of school boards throughout this state and requires that, in exercising these general powers, the school board must give consideration to recommendations submitted by the superintendent. Among those general duties set forth in section 230.22, Florida Statutes, is the responsibility of each school board to determine and adopt those policies and programs necessary for the efficient operation and general improvement of the district school system.[2] Rules and regulations reflecting these policies must be adopted by the board.[3] It is the school board which is designated, by this statute, as the contracting agent for the district school system and the board is charged with the proper assignment of students to schools in the district.[4]
More specifically, section 230.23, Florida Statutes, requires the school board to keep minutes and records of its meetings and actions;[5] to adopt a program for the operation of the schools;[6] to fix a uniform date for opening and closing schools;[7] and to approve and designate school holidays.[8] With regard to personnel matters, this statute requires the school board to designate positions to be filled; to prescribe qualifications for positions and provide for the appointment, compensation, promotion, suspension, and dismissal of employees.[9] The board is required to "[a]ct upon written recommendations submitted by the superintendent for positions to be filled and for minimum qualifications for personnel for the various positions and act upon written nominations of persons to fill such positions."[10]
The statutes relating to the powers of the superintendent parallel those discussed above regarding the school board. Section 230.32, Florida Statutes, is a broad statute providing that the superintendent has general oversight over the district school system for the purpose of determining problems and recommending improvements.[11] The superintendent is charged under this statute with recommending policies,[12] rules and regulations,[13] and standards[14] for the operation of the district system and executing them once they are adopted by the school board. This general power is tempered by the requirement that the superintendent "[a]dvise and counsel with the school board on all educational matters and recommend to the school board for action such matters as should be acted upon."[15]
The more specific duties and responsibilities of the super-intendent are outlined in section 230.33, Florida Statutes, which also requires that "[t]he superintendent shall exercise all powers and perform all duties listed below and elsewhere in the law; provided, that in so doing he or she shall advise and counsel with the school board." Among those powers directly assigned to the superintendent are the authority to direct the work of all members of the instructional staff and other employees of the district school system;[16] the duty to determine effective bus routes for pupils[17] and recommend plans for facilities for the economical and safe transportation of pupils;[18] and preparation of the annual school budget to be submitted to the school board for adoption.[19]
The district school board is statutorily required to adopt these recommendations by the superintendent if, in their opinion, the actions are warranted.[20] However, nothing in sections 230.22 or 230.23, Florida Statutes, would preclude a school board member from making suggestions to the superintendent in areas which the board member may think appropriate for comment. If the superintendent feels that these are deserving of incorporation into his or her recommendations under section 230.32, Florida Statutes, to be presented to the board for final action, he or she may do so. If this informal suggestion process is utilized, caution must be exercised by the school board members and the superintendent to insure that no violation of the Sunshine Law occurs.[21]
Therefore, it is my opinion that sections 230.32 and 230.33, Florida Statutes, prescribe the powers and duties of the superintendent of schools and the responsibilities described therein are exclusively assigned to the superintendent. The superintendent is directed, however, to accomplish these responsibilities with the advice and counsel of the school board, whose suggestions the superintendent may adopt as recommendations for approval.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Greene v. School Board of Hamilton County, 444 So.2d 500, 501
(Fla. 1st DCA 1984).
[2] Section 230.22(1), Fla. Stat. (1995).
[3] Section 230.22(2), Fla. Stat. (1995).
[4] Section 230.22(6), Fla. Stat. (1995).
[5] Section 230.23(1), Fla. Stat. (1995).
[6] Section 230.23(4), Fla. Stat. (1995).
[7] Section 230.23(4)(f), Fla. Stat. (1995).
[8] Section 230.23(4)(g), Fla. Stat. (1995).
[9] Section 230.23(5), Fla. Stat. (1995).
[10] Section 230.23(5)(a), Fla. Stat. (1995).
[11] Section 230.23(1), Fla. Stat. (1995).
[12] Section 230.32(3), Fla. Stat. (1995).
[13] Section 230.32(4), Fla. Stat. (1995).
[14] Section 230.32(5)(f), Fla. Stat. (1995).
[15] Section 230.32(2), Fla. Stat. (1995).
[16] Section 230.33(7)(f), Fla. Stat. (1995).
[17] Section 230.33(10), Fla. Stat. (1995).
[18] Id.
[19] Section 230.33(12)(b), Fla. Stat. (1995).
[20] Section 230.22(1),(2), and(3), Fla. Stat. (1995).
[21] See, Blackford v. School Board of Orange County,375 So.2d 578 (Fla. 5th DCA 1979), in which the court held that a series of scheduled successive meetings between the school superintendent and individual members of the school board were subject to the Sunshine Law. While normally meetings between the school superintendent and an individual school board member would not be subject to s. 286.011, Fla. Stat., these meetings were held in "rapid-fire succession" in order to avoid public airing of a controversial redistricting problem. They amounted to a de facto meeting of the school board in violation of s. 286.011, Fla. Stat. And see, Sentinel Communications Company v. School Board of Osceola County, No. CI92-0045 (Fla. 9th Cir. Ct. April 3, 1992), Order Modifying Final Injunction (May 13, 1992), in which the circuit court, in issuing a permanent injunction stated that the memorandum scheduling meetings and other evidence established that the purpose of a series of meetings between individual school board members and staff was to present and consider staff recommendations concerning administrative structure of the school system and to define the board's position on matters covered by the Sunshine Law.