Mr. Joe H. Pickens Putnam County School Board Attorney 222 North Third Street Palatka, Florida 32177-3710
Dear Mr. Pickens:
On behalf of the Superintendent and the School Board of Putnam County, you ask substantially the following questions:
1. May the school board alter the superintendent's recommendation of a two-year rolling contract for certain administrative personnel by accepting the nomination of the employee but limiting the term of employment to one year?
2. May the school board adopt a policy limiting the duration of contracts for administrative personnel to one year?
In sum:
1. and 2. The school board does not have the authority to alter the length of the contract recommended by the superintendent, but may either accept the nomination for an administrative position or reject the nominee for "good cause."
Since your questions are interrelated, they will be answered together.
You state that in 1995, the school board accepted the superintendent's recommendation that certain administrative personnel receive two-year rolling contracts. Under a rolling contract, an employee's contract is renewed each year upon the recommendation of the superintendent and acceptance by a majority of the board. In 1996, the superintendent recommended a new group of employees to receive two-year rolling contracts, in addition to recommending for renewal the previously approved group of employees who had received two-year rolling contracts in 1995. A majority of the board responded by accepting the employees for employment but rejecting the two-year terms of their contracts based upon a "conceptual and philosophical opposition" to administrative contracts in excess of one year.
The school board is the policy-making body for the school district, while the superintendent is the chief executive officer of the school board and the chief administrator within the school district.[1] In employment matters, the board is authorized to designate positions to be filled, prescribe the qualifications for those positions and provide for the appointment, compensation, promotion, suspension, and dismissal of employees, subject to any requirements contained in Chapter 231, Florida Statutes.[2]
Section 230.23(5)(a), Florida Statutes, states that the board, in considering potential employees, shall:
"Act upon written recommendations submitted by the superintendent for positions to be filled and for minimum qualifications for personnel for the various positions and act upon written nominations of persons to fill such positions. The school board may reject for good cause any employee nominated. If the third nomination by the superintendent for any position is rejected for good cause, if the superintendent fails to submit a nomination for initial employment within a reasonable time as prescribed by the school board, or if the superintendent fails to submit a nomination for reemployment within the time prescribed by law, the school board may proceed on its own motion to fill such position."
Thus, the school board may reject a nominated employee only for good cause. The term "good cause" is not defined in the statute. In Spurlin v. School Board of Sarasota County,[3] the court concluded that the term "good cause" was not limited to specific offenses listed in section 231.36(4)(c), Florida Statutes, that would result in an administrator's dismissal or suspension,[4] but referred generally to an administrator's professional qualifications and ability to perform work. Thus, the court recognized that a school board's ability to reject an applicant nominated by the superintendent is broader than the statutory grounds for dismissal in Chapter 231, Florida Statutes.
The superintendent's powers are set forth in section 230.32, Florida Statutes, and involve general oversight of the district school system in order to determine problems and needs, and to recommend improvements. The superintendent advises and counsels the board on all educational matters and recommends matters that should be acted upon by the school board. Relative to your inquiry, section 230.33(7), Florida Statutes, makes the superintendent responsible for directing the work of personnel and imposes the following duties:
"(a) Positions, qualifications, and nominations. — Recommend to the school board duties and responsibilities which need to be performed and positions which need to be filled to make possible the development of an adequate school program in the district; recommend minimum qualifications of personnel for these various positions; and nominate in writing persons to fill such positions. . . . (b) Compensation and salary schedules. — Prepare and recommend to the school board for adoption a salary schedule or salary schedules to be used as the basis for paying school employees, arranging such schedules, insofar as practicable, so as to furnish incentive for improvement in training and for continued and efficient service. (c) Contracts and terms of service. — Recommend to the school board terms for contracting with employees and prepare such contracts as are approved. . . . Authority is given to make appointments to approved positions and to approve compensation therefor at the rate provided in the currently established salary schedule, pending action by the local board at its next regular or special meeting."
Thus, a superintendent's nomination of a person for appointment to a position includes the terms of the contract under which the nominee will be hired. While the ultimate decision to employ or not to employ an individual rests with the school board,[5] it has been judicially determined that the superintendent's nomination of an individual is final unless the school board finds that the nominee is morally or professionally disqualified.[6]
In Green v. School Board of Hamilton County,[7] the First District Court of Appeal considered whether a school board could amend the contract of the superintendent's nominee for an administrative position. In Green, the superintendent recommended an individual for an administrative position under a one-year contract. The school board, however, approved the employment of the individual for a two-year period. In overturning the board's action, the court concluded that "a school board may not amend a superintendent's recommendation as to the duration of a contract proposed to be awarded to a nominee for a position with a school district, but can only accept or reject the superintendent's recommendation and nomination as tendered."[8]
The Green court recognized that the statutes governing the powers of the superintendent and the school board have repeatedly been interpreted such that it is the superintendent's duty to select and nominate personnel, while it is the school board's duty to appoint and contract with such nominees unless they are rejected upon a finding of good cause. The board in Green asserted that it had accepted the nominee and that, in simply rejecting the superintendent's recommendation of only a one-year contract, it was not obligated to show good cause. In rejecting the board's assertion, the court refused to recognize a distinction between a nomination and a recommendation, where the recommendation concerned only the duration of employment. The court observed that the superintendent's responsibilities regarding school district personnel were intended not only to remove political considerations from the selection process, but to ensure that the superintendent has sufficient control and authority over the employees of the school district. Based upon these reasons and the absence of any express authority for school boards to amend the recommendations of the superintendent, the court concluded that the school board's action was ultra vires and therefore was reversed.
The reasoning and conclusion in Green are directly applicable to the circumstances you have questioned. No authority has been identified that would allow the school board to accept the nominee and amend the superintendent's recommendation of a two-year rolling contract to limit the contract to a one-year term.[9]
Accordingly, it is my opinion that the school board may not reject the superintendent's recommendation of a two-year rolling contract for certain administrative personnel, while accepting the nominee for employment. Moreover, absent specific authority, the school board may not limit all contracts to one year in order to preclude the superintendent from recommending contracts for longer periods.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Greene v. School Board of Hamilton County,444 So.2d 500, 501 (Fla. 1st DCA 1984).
[2] See, s. 230.23(5), Fla. Stat. (1995). See also, s. 231.001, Fla. Stat. (1995), stating that district school boards are authorized to prescribe rules governing personnel matters, including the assignment of duties and responsibilities for all district employees.
[3] 520 So.2d 294, 295 (Fla. 2d DCA 1988).
[4] Section 231.36(1)(a), Fla. Stat. (1995), provides that contracts for instructional staff employees must include a provision for dismissal during the term of the contract only for just cause; including, but not limited to, misconduct in office, incompetency, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude.
[5] Cf., Witgenstein v. School Board of Leon County,347 So.2d 1069 (Fla. 1st DCA 1977) (ultimate responsibility for the decision to employ or not to employ a teacher rests with the district school board, not with the superintendent).
[6] See, Von Stephens v. School Board of Sarasota County,338 So.2d 890 (Fla. 2d DCA 1976).
[7] 444 So.2d 500 (Fla. 1st DCA 1984).
[8] Id., at 501.
[9] Cf., s. 231.36(1)(b), Fla. Stat., stating:
"A supervisor or principal shall be properly certified and shall receive a written contract as specified in chapter 230. Such contract may be for an initial period not to exceed 3 years, subject to annual review and renewal. After the first 3 years, the contract may be renewed for a period not to exceed 3 years and shall contain provisions for dismissal during the term of the contract only for just cause, in addition to such other provisions as are prescribed by the school board."