Mr. Bruce A. Harris Interim Chief Counsel The School District of Palm Beach County 3318 Forest Hill Boulevard, Suite C-302 West Palm Beach, Florida 33406-5813
Dear Mr. Harris:
You ask on behalf of the Palm Beach County School Board substantially the following questions:
1. What is the role of the school board in reviewing personnel recommendations, such as the transfer of a principal from one school to another, by the superintendent?
2. What is a "demotion" as applied to school district employees under the Florida School Code?
3. May the school board adopt policies to guide the superintendent in making personnel recommendations such as transfers?
In sum:
1. Absent a showing of good cause, the school board must accept employment recommendations made by the superintendent, including a recommendation for the transfer of an employee. While the superintendent may suspend employees under emergency circumstances, the school board determines whether just cause is present to formally suspend or dismiss an employee.
2. While demotion is not defined in the Florida School Code, the term encompasses a change in an employee's classification to one having a lower maximum salary or lower level of responsibility, and has been judicially recognized to include moving an employee from continuing contract status to employment under an annual contract.
3. The Florida School Code does not contemplate that the school board will adopt policies governing the superintendent's exercise of authority in personnel recommendations such as transfers; however, the superintendent is directed to act under the advice and counsel of the school board.
Question One
It is generally recognized that the school board is the body responsible for formulating policy for the school district, while the superintendent is the chief executive officer of the school board and the chief administrator of the district.[1] In matters relating to employment, the school board is authorized to designate positions to be filled, prescribe qualifications for those positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees, subject to any requirements contained in Chapter 231, Florida Statutes.[2]
Section 230.23(5)(a), Florida Statutes, states that the board, in considering potential employees, shall:
"Act upon written recommendations submitted by the superintendent of schools for positions to be filled and for minimum qualifications for personnel for the various positions and act upon written nominations of persons to fill such positions. . . .The district school board may reject for good cause any employeenominated. If the third nomination by the superintendent of schools for any position is rejected for good cause, if the superintendent of schools fails to submit a nomination for initial employment within a reasonable time as prescribed by the district school board, or if the superintendent of schools fails to submit a nomination for reemployment within the time prescribed by law, the district school board may proceed on its own motion to fill such position. . . ." (e.s.)
The school board may also "[a]ct on recommendations of the superintendent regarding transfer and promotion of any employee."[3] Further, it may "[s]uspend, dismiss, or return to annual contract members of the instructional staff and other school employees[.]"[4]
The superintendent's duties and responsibilities are enumerated in section 230.33, Florida Statutes, and include recommending to the school board positions that need to be filled, establishing the minimum qualifications of personnel for the various positions, and, in writing, nominating individuals to fill such positions.[5]
Other duties include preparing and recommending a salary schedule, recommending to the school board terms for contracting with employees, and preparing such contracts that are approved.[6]
Moreover, the superintendent may "[r]ecommend employees for transfer and transfer any employee during any emergency and report the transfer to the district school board at its next regular meeting."[7]
This office has previously addressed the relationship between the district school board and the superintendent in employment situations. In Attorney General Opinion 96-97, this office considered whether the school board could alter the superintendent's recommendation of a two-year rolling contract for certain administrative personnel by accepting the nomination but limiting the term of employment to one year. Based upon the authority of the board to act upon written recommendations of the superintendent for positions to be filled and persons to fill them, and the statutory limitation on the board's authority to reject any nominated employee only "for good cause," this office concluded that the board lacked the authority to reject the superintendent's recommendation for the term of a contract while accepting the individual for employment.
Similarly, the courts have concluded it is the responsibility of the school board to appoint personnel recommended by the superintendent, not to select such persons. Absent good cause for rejecting the nomination of an individual, the school board must appoint and contract with the nominee.[8] This "good cause" requirement has been extended to transfers.[9] In Von Stephens v.School Board of Sarasota County, the district court found:
"Although the statute does not directly state that cause must be shown to reject a recommendation for transfer, it is elementary and particularly so in this case that to transfer personnel an appointment is necessitated, thereby activating the cause requirements. . . ."[10]
The Von Stephens court found no basis to treat appointments and transfers differently as to the applicability of good cause and concluded that unless good cause is shown, the school board must appoint and contract with a nominee for a transfer.[11]
Accordingly, it is my opinion that absent a showing of good cause, the school board must accept employment recommendations, including transfers, made by the superintendent.
Suspensions and dismissals of school personnel are governed by the provisions in section 231.36(4), Florida Statutes.[12] While the superintendent may suspend employees under emergency conditions, such suspensions are effective only until the next regular or special meeting of the school board.[13] The school board has the authority to
"[s]uspend, dismiss, or return to annual contract members of the instructional staff and other school employees; however, no administrative assistant, supervisor, principal, teacher, or other member of the instructional staff may be discharged, removed, or returned to annual contract except as provided in chapter 231."[14]
A person employed as a member of the instructional staff is entitled to and must receive a written contract that, except in the case of a continuing contract, contains provisions for dismissal during the term of the contract only for just cause.[15]
Such individuals may be suspended or dismissed at any time during the term of the contract for just cause.[16] For these purposes, "just cause" includes "misconduct in office, incompetency, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude."[17]
Thus, when the superintendent has suspended an employee under emergency circumstances until the next regular or special meeting of the school board, the school board must evaluate whether just cause exists to support its taking action to suspend the employee. There is no statutory presumption of acceptance of the superintendent's action absent a showing of good cause. Rather, the board must make the determination of whether there is just cause to formally suspend the employee and act accordingly.[18]
Question Two
The Florida School Code does not define "demotion" for purposes of personnel action. For purposes of state employment under the career service system, "demotion" is defined as
"changing the classification of an employee to a class having a lower maximum salary; or the changing of the classification of an employee to a class having the same or a higher maximum salary but a lower level of responsibility as determined by the Department of Management Services."[19]
The plain and ordinary meaning of the term "demote" is "to reduce to a lower grade or rank: relegate to a subordinate or less important position."[20] Relative to school personnel, the removal of a school administrator from employment under a continuing contract to an annual contract has been characterized as a demotion that was judicially reviewed.[21] Whether a particular action may be considered a demotion will depend upon the facts in that case.
Question Three
The superintendent has the authority to "[r]ecommend to the school board for adoption such policies pertaining to the district school system as the superintendent may consider necessary for its more efficient operation."[22] (e.s.) The school board, "after considering recommendations submitted by the superintendent," shall "[d]etermine policies and programs deemed necessary by it for the efficient operation and general improvement of the district school system."[23]
As discussed above, however, the superintendent's powers regarding personnel matters are specifically prescribed in section 230.33, Florida Statutes. While the superintendent is directed to accomplish his or her responsibilities with the advice and counsel of the school board,[24] nothing in the Florida School Code would appear to vest the school board with the authority to effectively control such actions of the superintendent through adoption of a policy or rule.
In Attorney General Opinion 96-13, this office was asked whether a school board member was precluded from making recommendations to the board regarding matters specifically reserved to the superintendent under sections 230.32 and 230.33, Florida Statutes. The opinion recognized that the school board operates as the policy-making body for the district, while the superintendent is the chief administrator. Despite the broad policy-making authority of the board, it was concluded that certain duties and responsibilities described within those sections are exclusively assigned to the superintendent, and that while it is contemplated that they will be accomplished with the advice and counsel of the school board, the superintendent is free to accept or reject input from the board.
Accordingly, it is my opinion that the Florida School Code does not contemplate that the school board will adopt policies governing the superintendent's exercise of authority in personnel recommendations such as transfers.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tzg
[1] Greene v. School Board of Hamilton County, 444 So.2d 500,501 (Fla. 1st DCA 1984).
[2] See, s. 230.23(5), Fla. Stat. And see, s. 231.001, Fla. Stat., providing that, except as otherwise provided by law or the Florida Constitution, district school boards may prescribe rules governing personnel matters, including the assignment of duties and responsibilities for all district employees.
[3] Section 230.23(5)(e), Fla. Stat.
[4] Section 230.23(5)(f), Fla. Stat., additionally stating: "however, no administrative assistant, supervisor, principal, teacher, or other member of the instructional staff may be discharged, removed, or returned to annual contract except as provided in chapter 231." Section 231.36(1)(a), Fla. Stat., requires that each person employed by the school district as instructional staff be entitled to a written contract and that all such contracts, with the exception of continuing contracts, contain a provision for dismissal during the term of the contract only for just cause.
[5] Section 230.33(7)(a), Fla. Stat., also providing that recommendations received from principals of schools must be considered by the superintendent in the nominations of persons to fill instructional positions at each of the district's schools.
[6] Section 230.33(7)(b) and (c), Fla. Stat.
[7] Section 230.33(7)(d), Fla. Stat.
[8] See, Buckner v. School Board of Glades County, Florida,718 So.2d 862 (Fla. 2d DCA 1998); Von Stephens v. School Board ofSarasota County, 338 So.2d 890 (Fla. 2d DCA 1976) (unless good cause is shown, it is incumbent on the board to appoint and contract with the nominee); and Greene v. School Board of HamiltonCounty, 444 So.2d 500, 501 (Fla. 1st DCA 1984) (it is school board's duty to appoint and contract with employees nominated by the superintendent, unless upon a finding of good cause, the board chooses to reject such nominations).
[9] See, Von Stephens v. School Board of Sarasota County, supra.
[10] 338 So.2d at 893.
[11] Id.
[12] It is recognized that section 231.36(3), Fla. Stat., provides a mechanism for the award of professional service contracts which are renewed each year unless the superintendent, after receiving recommendations pursuant to s. 231.29, Fla. Stat., charges the employee with unsatisfactory performance and notifies the employee of the deficiencies that may affect his or her employment status. Moreover, s. 231.36(4), Fla. Stat., prescribes the manner in which the school board may suspend or dismiss an employee with a continuing contract; however, the charges must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude, as these terms are defined by rule of the State Board of Education.
[13] See, s. 230.33(7)(e), Fla. Stat.
[14] Section 230.23(5)(f), Fla. Stat.
[15] Section 231.36(1)(a), Fla. Stat.
[16] Section 231.36(6)(a), Fla. Stat.
[17] Section 231.36(1)(a), Fla. Stat. See, Rule 6B-4.009, Fla. Admin. Code, defining incompetency, inefficiency, incapacity, immorality, misconduct in office, gross insubordination, willful neglect of duties, drunkenness, and moral turpitude.
[18] Cf., Johnson v. School Board of Palm Beach County,403 So.2d 520, 524 (Fla. 1st DCA 1981) (while superintendent may suspend in emergencies, the Legislature intended to reserve to the school board the ability to suspend without pay).
[19] Section 110.203(19), Fla. Stat.
[20] Webster's Third New International Dictionary (Unabridged 1981), p. 601.
[21] See, Edgar v. School Board of Calhoun County,549 So.2d 726 (Fla. 1st DCA 1989).
[22] Section 230.32(3), Fla. Stat. See also, s. 230.32(4) and (5), Fla. Stat., authorizing the superintendent to recommend rules to be adopted by the school board and to recommend minimum standards for adoption by the school board. But see, s. 230.23(5)(a), Fla. Stat., requiring the superintendent, when transferring a teacher who holds a professional teaching certificate from one school to another, to consult with the principal of the receiving school to allow the principal to review the teacher's records and to interview the teacher.
[23] Section 230.22(1), Fla. Stat.
[24] Section 230.32(2), Fla. Stat.