Mr. Bruce A. Harris Interim Chief Counsel Palm Beach County School Board 3318 Forest Hill Boulevard, Suite C-302 West Palm Beach, Florida 33406-5813
Dear Mr. Harris:
On behalf of the Palm Beach County School Board, you ask substantially the following questions:
1. Under section 120.525(2), Florida Statutes, is the chair of the school board responsible for determining whether good cause exists for changes in the school board agenda after publication and distribution?
2. If so, does section 120.525(2), Florida Statutes, conflict with the powers of the superintendent as set forth in sections 230.32-230.33, Florida Statutes?
In sum:
1. Under section 120.525(2), Florida Statutes, the chair of the school board, as the presiding officer, is responsible for determining whether good cause exists for changes in the school board agenda after publication and distribution.
2. Section 120.525(2), Florida Statutes, does not conflict with the powers of the superintendent as set forth in sections 230.32-230.33, Florida Statutes.
As your questions are interrelated, they will be answered together.
As you note in your letter, the school board is an agency subject to Chapter 120, the Administrative Procedures Act (APA).[1]
Section 120.525, Florida Statutes, in providing for agency meetings, requires that except in the case of emergency meetings, each agency shall give notice of its meetings by publication in the Florida Administrative Weekly not less than 7 days before the event.[2] Subsection (2) of the statute provides:
"An agenda shall be prepared by the agency in time to ensure that a copy of the agenda may be received at least 7 days before the event by any person in the state who requests a copy and who pays the reasonable cost of the copy. The agenda shall contain the items to be considered in order of presentation. After the agenda has been made available, a change shallbe made only for good cause, as determined by the person designated topreside, and stated in the record. Notification of such change shall be at the earliest practicable time." (e.s.)
For special meetings, "[n]otwithstanding s. 120.525(2), the agenda for a special meeting of a district school board under authority of s. 230.16 shall be prepared upon the calling of the meeting, but not less than 48 hours prior to the meeting."[3]
Section 120.525(2), Florida Statutes, clearly provides that after an agenda has been made available, a change may be made only for good cause. Moreover, the statute requires that the determination of whether good cause exists is to be made by the officer designated to preside.
School Board Policy 6Gx50-1.02 provides:
"Duties. — The duties of the chairman shall be to preside at all meetings of the board, to appoint all committees, and to perform such other duties as may be prescribed by law or by action of the school board. The vice chairman shall preside in the absence of the chairman and perform other duties of the chairman as circumstances make necessary."
Thus, the Chair of the Palm Beach County School Board serves as its presiding officer. Pursuant to section 120.525(2), Florida Statutes, it is, therefore, the chair of the school board, as presiding officer, who is responsible for determining whether good cause exists for changes in the school board agenda after its publication and distribution.
Nothing in the school code would appear to require a different result. By statute, the school board is the policy-making body for a school district and the superintendent is chief executive officer of the school board and the chief administrator within the school district.[4] Section 230.22, Florida Statutes, describes the general powers of school boards and requires that, in exercising these general powers, the school board must give consideration to recommendations submitted by the superintendent.
The superintendent is charged with recommending policies, rules, and standards for the operation of the district system and executing them once they are adopted by the school board.[5] This general power is tempered by the requirement that the superintendent "[a]dvise and counsel with the school board on all educational matters and recommend to the school board for action such matters as should be acted upon."[6]
While section 230.32(2), Florida Statutes, provides that the superintendent shall advise and counsel with the school board on all educational matters and recommend to the school board for action such matters as should be acted upon, the statute does not dictate that the superintendent has sole control over the school board agenda. Nor do the provisions of section 120.525(2), Florida Statutes, usurp the superintendent's power to make recommendations to the school board. As you note in your letter, should the superintendent recommend that an item be considered by the school board after the agenda has been distributed, the item may be placed on the agenda if the chair determines that good cause exists and the procedural requirements of section 120.525(2) are met. If the chair determines that good cause does not exist, that does not preclude the school board from considering the issue at a later meeting.
Accordingly, I am of the opinion that section 120.525(2), Florida Statutes, providing for the amendment of the school board agenda after its distribution on a finding of good cause by the chair of the school board, does not conflict with the powers of the superintendent as set forth in sections 230.32-230.33, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 120.52(1)(c), Fla. Stat., defining "Agency" for purposes of Ch. 120 to include "[e]ach other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions"; and Board of Public Instruction of Broward County v. State exrel. Allen, 219 So.2d 430, 432 (Fla. 1969) (school district subject to Ch. 120, Fla. Stat.); Mitchell v. Leon County School Board, 591 So.2d 1032
(Fla. 1st DCA 1991); Witgenstein v. School Board of Leon County,347 So.2d 1069 (Fla. 1st DCA 1977); Ops. Att'y Gen. Fla. 97-82 (1997) and 94-44 (1994).
[2] Section 120.525(1), Fla. Stat. Such notice is to include a statement of the general subject matter to be considered. And see, Rule28-102.002(1)(a), Fla. Admin. C., of the Model Rules of Procedure, stating:
"The agenda shall state with specificity the items which will be considered at a meeting, hearing, or workshop. All matters involving the exercise of agency discretion and policy-making shall be listed and summarized on the agenda. Matters which are solely ministerial, or internal administrative matters which do not affect the interests of the public generally, may be included on the agenda."
[3] Section 120.81(1)(j), Fla. Stat. And see, Rule 28-102.003, Fla. Admin. C., relating to emergency meetings.
[4] See, e.g., ss. 230.03, 230.22, 230.23, 230.31, 230.32, and 230.33, Fla. Stat. And see, Greene v. School Board of Hamilton County,444 So.2d 500, 501 (Fla. 1st DCA 1984).
[5] Section 230.32(3), (4), and (5), Fla. Stat.
[6] Section 230.32(2), Fla. Stat.