Ms. JulieAnn Rico Allison Chief Counsel School Board of Palm Beach County 3318 Forest Hill Boulevard, C-302 West Palm Beach, Florida 33406-5813
Dear Ms. Allison:
On behalf of the School Board of Palm Beach County you ask the following questions:
1. Is the treatment of an out-of-school disciplinary suspension as an "unexcused absence" with an academic penalty imposed pursuant to section1003.26(1)(a), Florida Statutes, inconsistent with section 1003.33(1)(b), Florida Statutes, requiring that behavior be graded separately from academic performance?
2. What level of academic penalty is required by section 1003.26(1)(a), Florida Statutes, for work that is allowed to be made up after an unexcused absence?
3. When may full credit be given under section 1003.26(1)(a), Florida Statutes, for work made up after a suspension or for homework that is assigned to be completed during a suspension pursuant to section1003.01(5)(a), Florida Statutes?
Question One
You state that Palm Beach School Board Policy 5.09(C)(2) treats an out-of-school suspension as an "unexcused absence." The board has interpreted section 1003.26(1)(a), Florida Statutes, as implying that any work allowed to be made up as a result of an unexcused absence must receive an academic penalty. It has been proposed by the superintendent that a maximum of 59%, the highest failing grade, be allowed for work turned in late because of suspension or for homework assigned to be completed during the suspension.[1] The board is concerned, however, that an academic penalty imposed pursuant to section 1003.26(1)(a), Florida Statutes, for an unexcused absence may be inconsistent with section 1003.33(1)(b), Florida Statutes, which provides that behavior must be graded separately from academic performance.
Section 1003.26(1)(a), Florida Statutes, provides:
"Upon each unexcused absence, or absence for which the reason is unknown, the school principal or her designee shall contact the student's parent to determine the reason for the absence. If the absence is an excused absence, as defined by district school board policy, the school shall provide opportunities for the student to make up assigned work and not receive an academic penalty unless the work is not made up within a reasonable time."
The plain language of the statute requires that in the event of an unexcused absence, the school principal or his or her designee must contact the student's parents to determine the reason for the absence. While the statute recognizes that academic penalties may be imposed, there is nothing in the statute that directs the principal or the school board to impose such penalties or to otherwise penalize the student for an unexcused absence.
It has been recognized, however, that the district school board is the policy-making body for the school district and the superintendent is the chief executive of the school board and the chief administrator within the school district.[2] The home rule power of the district school board is codified in section 1001.32(2), Florida Statutes, which states:
"In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and mayexercise any power except as expressly prohibited by the StateConstitution or general law." (e.s.)
Thus, the district school board has the authority to enact rules and policies on any school matter unless it is expressly prohibited to do so by the State Constitution or the Florida Statutes.[3] I have not found, nor has my attention been directed to, a constitutional or statutory prohibition against the school board's policy of treating an out-of-school suspension as an unexcused absence and imposing an academic penalty upon any make-up work during such suspension. As noted above, section 1003.26(1)(a), Florida Statutes, mentions academic penalties in the context of them not being imposed in instances where an absence is excused.
Whether the imposition of an academic penalty for make-up work during the time of an unexcused absence is contrary to the provisions in section1003.33(1), Florida Statutes, would appear to depend upon whether imposition of such a penalty would preclude a school from distinctly evaluating a student's academic performance apart from his or her attendance or conduct.
Section 1003.33(1), Florida Statutes, states:
"(1) Each district school board shall establish and publish policies requiring the content and regular issuance of student report cards for all elementary school, middle school, and high school students. Thesereport cards must clearly depict and grade: (a) The student's academicperformance in each class or course, which in grades 1 through 12 must be based upon examinations as well as written papers, class participation, and other academic performance criteria, and must include the student's performance or nonperformance at his or her grade level. (b) The student'sconduct and behavior. (c) The student's attendance, including absences and tardiness." (e.s.)
The statute initially states that school board policy dictates the content of a student's report card, but requires a clear depiction of academic performance, conduct and behavior, and attendance. Thus, while a school district would appear to be precluded from grading academic performance based upon conduct and behavior, it would appear that, as long as the school district clearly depicts and grades for each, there is nothing to preclude the school board from adopting a policy to impose academic penalties for make-up work during an unexcused absence.[4]
There is an interrelationship among the factors of whether a student is present in the classroom, the conduct and behavior of the student during the school day, and his or her academic performance that may not readily lend itself to exclusive categorization. Given the reality that each of the factors in some way may impact the others, the school board's policy should strive to comply with the requirements of section 1003.33(1), Florida Statutes, to clearly indicate the grade for each.
Questions Two and Three
As discussed above, the school board has home rule powers to adopt policies that do not conflict with state law. Nothing in section 1003.26, Florida Statutes, prescribes the severity of an academic penalty that may be imposed. Thus, the school board may exercise its powers to determine the appropriate academic penalty, if any, that may be imposed for work made up due to an unexcused absence.[5] Ultimately, school district policies must reflect the position of the school board and be followed by school principals in imposing academic penalties.[6]
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 1003.01(5)(a), Fla. Stat., defines "suspension", a.k.a. out-of-school suspension, as "the temporary removal of a student from all classes of instruction on public school grounds and all other school-sponsored activities, except as authorized by the principal or the principal's designee, for a period not to exceed 10 school days and remanding of the student to the custody of the student's parent with specific homework assignments for the student to complete."
[2] Greene v. School Board of Hamilton County, 444 So.2d 500, 501
(Fla. 1st DCA 1984).
[3] Cf., Ops. Att'y Gen. Fla. 86-45, 84-95 and 84-58.
[4] Cf., s. 1006.07, Fla. Stat., requiring school boards to adopt rules for the control, discipline, in-school suspension, suspension, and expulsion of students, and a code of student conduct which shall include policies and specific grounds for disciplinary action, including out-of-school suspensions.
[5] I would note that section 1006.09(2), Fla. Stat., authorizes the suspension of any student who is formally charged with a felony or a delinquent act that would be a felony if committed by an adult for an incident which allegedly occurred on property other than school grounds if it is shown in an administrative hearing that the incident has an adverse impact on the education process. The student may be suspended from all classes of instruction on public school grounds; however, the statute states that "[t]he suspension shall not affect the delivery of educational services to the student, and the student shall be immediately enrolled in a daytime alternative educational program, or an evening alternative education program, where appropriate."
[6] See s. 1006.09(1)(b), Fla. Stat., stating that the principal or the principal's designee may suspend a student only in accordance with the rules of the district school board.